T.C. Summary Opinion 2002-99

UNITED STATES TAX COURT

CHARLES M. FATTA AND MARY T. OLESKE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1177-01S.                    Filed July 30, 2002.

Charles M. Fatta and Mary T. Oleske, pro se.

<u>Douglas S. Polsky</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

---

[1]     Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  All Rule references are to the Tax Court Rules
of Practice and Procedure.

Respondent determined deficiencies of $7,064, $8,723, and $8,390 in petitioners' Federal income taxes, respectively, for 1997, 1998 and 1999, additions to tax under section 6651(a)(1) of $364 and $963, respectively, for 1998 and 1999, and penalties under section 6662(a) in the amounts of $1,413, $1,745, and $1,678, respectively, for the 3 years at issue. At trial, the parties filed written stipulations that provided for settlement of all issues except the additions to tax under section 6651(a)(1) and the penalties under section 6662(a).[2]

---

[2] The adjustments in the notice of deficiency included the disallowance of all the charitable contribution and other miscellaneous expense deductions petitioners had claimed on Schedule A, Itemized Deductions, for each of the years at issue. As a result of these adjustments, the remaining claimed itemized deductions for each year were less than the standard deduction allowed under sec. 63(c); consequently, petitioners were allowed the standard deduction in the notice of deficiency. In the stipulations filed at trial, the parties agreed to petitioners' entitlement to some charitable contribution and other miscellaneous deductions for each of the years in question, thus entitling petitioners to itemize their deductions in lieu of the standard deduction. In the notice of deficiency, respondent determined that petitioners failed to include $1,405 in capital gains on their 1998 return. The parties agree that petitioners realized capital gain income of $1,405 for 1998. Since petitioners' return for 1998 did in fact include capital gain income of $1,409, it appears that petitioners overreported this income by the amount of $4. Respondent also determined in the notice of deficiency that petitioners failed to report $437 in dividend income on their 1999 return. In the stipulation, petitioners agree to this adjustment. Finally, several items of expenses claimed by petitioners on a rental real estate activity for the 3 years in question were disallowed in the notice of deficiency. In the stipulation, the parties agreed to the amounts petitioners were entitled to as deductions for the 3 years at issue.

Some of the facts were stipulated.  Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was Albuquerque, New Mexico.

With respect to the first issue, the additions to tax under section 6651(a)(1) for 1998 and 1999, petitioners agreed that their returns for these 2 years were not filed timely, and they had not applied for or had been granted extensions for the filing of their returns.  Although petitioners knew that their returns had not been filed timely, they were not concerned because their returns reflected overpayment of taxes.  Section 6072(a) provides that income tax returns must be filed on or before the 15th day of April following the close of the taxable year, subject to exceptions not applicable here, unless the failure to file timely is due to reasonable cause and not due to willful neglect. Petitioners' belief at the time their returns were filed that they had overpaid their taxes does not constitute reasonable cause for the late filing.  E.g., <u>Hintze v. Commissioner</u>, T.C. Memo. 2001-70.  Respondent, accordingly, is sustained on this issue.

With respect to the accuracy-related penalties under section 6662(a), petitioners contend they should be absolved of liability for the penalties because they relied on their income tax return preparer.  Petitioners' returns were prepared by Robin Beltran.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537;

sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the penalty for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; see also sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). Reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter. Freytag v. Commissioner, supra at 888.

On their tax returns for the 3 years at issue, petitioners claimed itemized deductions and rental real estate expenses substantially in excess of amounts they agreed to in the settlement noted earlier.  In addition, petitioners failed to report dividend income on their 1999 return.  With respect to the expenses that were disallowed, the deductions claimed on petitioners' returns were calculated by their return preparer through the use of a formula in which the deductions claimed were based on their income.  Petitioners knew that the deductions claimed were not based on their books and records and also knew that the amounts claimed could not be substantiated.  Petitioners made no effort to determine whether the use of such a formula was proper, nor did they make any effort to ascertain the professional background and qualifications of their return preparer, Mr. Beltran.  As noted above, in order to be relieved of the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  While the Court is satisfied that petitioners provided the necessary and relevant facts to their return preparer, petitioners did not establish that their preparer/adviser had the expertise to provide informed advice on the matter of their tax deductions.  Petitioners knew, or should have known, that they could only claim deductions that could be

substantiated.  They blindly accepted Mr. Beltran's representations and took no steps to ascertain whether such representations were correct.  The Court concludes that petitioners made no effort to ascertain their correct tax liability for the years in question.  Therefore, the Court sustains respondent on the accuracy-related penalties under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>